UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PABLO A. CARBO CISNEROS,

        Plaintiff,

    v.

COURT SYSTEM, *et al.*,

        Defendants.

Case No.  C09-5160 RBL/KLS

ORDER TO SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1) and Local Rules MJR 3 and 4.  The case is before the Court for review of Plaintiff Pablo A.
Carbo-Cisneros' complaint.  After reviewing the complaint, the Court finds and orders as follows:

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745
F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a
complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before
service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing
*Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that the conduct complained of
was committed by a person acting under color of state law and that the conduct deprived a person of a
right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*,

ORDER
Page - 1

451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section

1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.

*Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

In his complaint filed on March 24, 2009, Mr. Carbo-Cisneros names the "Court System, Lawyer and

Prosecutor" as defendants. Dkt. # 3. He includes no factual allegations, but seeks the following relief:

> I need you to interfere for me in my case so that I want to stop this kind continue court
> without any kind of guilty, which it cause me to stay here in Pierce County Jail for six month
> whit [sic] out even knowing when this problem is going to be over and I am inocent [sic]
> because there is no evidence against me and the court cannot determine my case. Please help
> me because I have a family that depend on me.

*Id.*, p. 4.

Attached to the complaint is a copy of an Order Continuing Trial issued by the Superior Court of

Washington for Pierce County in *State of Washington v. Pablo Carbo-Cisneros*, Cause No. 08-1-04586-4,

reflecting that the current trial date of March 10, 2009 was continued until April 7, 2009 on agreement of the

parties. Dkt. # 3, p. 5.

The Court's review of the complaint indicates that it fails to state a cause of action under 42 U.S.C.

§ 1983. This action challenges the propriety of ongoing proceedings in Piece County Superior Court.

Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary

circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*,

401 U.S. 37, 45- 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th

Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings

implicate important state interests and offer adequate opportunity to litigate federal constitutional issues);

*World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(*Younger*

abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;

(2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise

federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by

way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the

case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir.1972). See *Carden v.

Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). Extraordinary circumstances

exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

Here, the Plaintiff has not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding or in in *State of Washington v. Pablo Carbo-Cisneros*, Cause No. 08-1-04586-4. He has also not plead any violation of rights protected by the Constitution or federal statute. If Plaintiff wishes to proceed with a claim, he must provide a short and plain statement indicating how he has suffered a violation of rights protected by the Constitution or federal statute. He must further describe how such violation was proximately caused by a person acting under color of state or federal law.

Plaintiff names only "court system, lawyer, prosecutor," as defendants in his Complaint. To the extent Mr. Carbo-Cisneros has claims of a federal constitutional nature, he must also name the individual defendants who violated his federal rights; he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff must file an amended complaint curing, if possible the above noted deficiencies, or explain to the Court why his Complaint should not be dismissed **no later than May 8, 2009.** If Plaintiff chooses to file an amended complaint under § 1983, the amended complaint shall consist of a **short and plain statement** showing that he is entitled to relief. He shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     The dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint. Plaintiff is further advised that this amended pleading will operate as a complete substitute for (rather than a mere

ORDER
Page - 3

1  supplement to) the present complaint. He shall present his complaint on the form provided by the Court.

2  The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and

3  not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly**

4  **labeled the "First Amended Complaint" and Cause Number C09-5160RBL/KLS must be written in**

5  **the caption**. Additionally, Plaintiff must submit a copy of the "First Amended Complaint" for service on

6  each named Defendant.

7      **Plaintiff is cautioned that if he fails to show cause or amend his complaint by May 8, 2009,**

8  **the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and**

9  **such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).**

10      The Clerk is directed to send Plaintiff the appropriate forms that he may file an amended

11  complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to

12  Plaintiff.

13      Dated this 20th day of April, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4