UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PABLO ANTONIO CARBO CISNEROS, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF WASHINGTON, <br><br> Defendants. | No. C09-5160 RBL/KLS <br><br> **REPORT AND RECOMMENDATION** <br> **NOTED FOR: June 5, 2009** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Pablo Antonio Carbo Cisneros to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Dkt. 7. Mr. Carbo Cisneros filed an Amended Complaint (Dkt. 10), but that amendment suffers from the same deficiencies as his original Complaint. Dkt. 6.[1]

The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

---

[1] The Court also received and considered a translation of a letter written in Spanish, received from Mr. Carbo Cisneros on May 4, 2009 (Dkt. 11) and a letter filed on May 8, 2009 (Dkt. 12).

REPORT AND RECOMMENDATION - 1

## I. BACKGROUND

On April 20, 2009, Mr. Carbo Cisneros was granted leave to proceed *in forma pauperis* (Dkt. 5) and the Clerk filed his Complaint. Dkt. 6. On the same day, the Court ordered the Plaintiff to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim pursuant to 42 U.S.C. § 1983. Dkt. 7. In his original complaint, filed on March 24, 2009, Plaintiff names the "Court System, Lawyer and Prosecutor" as defendants. Dkt. # 3. He included no factual allegations, but sought the following relief:

> I need you to interfere for me in my case so that I want to stop this kind continue court without any kind of guilty, which it cause me to stay here in Pierce County Jail for six month whit [sic] out even knowing when this problem is going to be over and I am inocent [sic] because there is no evidence against me and the court cannot determine my case. Please help me because I have a family that depend on me.

*Id.*, p. 4.

Attached to the complaint is a copy of an Order Continuing Trial issued by the Superior Court of Washington for Pierce County in *State of Washington v. Pablo Carbo-Cisneros*, Cause No. 08-1-04586-4, reflecting that the current trial date of March 10, 2009 was continued until April 7, 2009 on agreement of the parties. Dkt. # 3, p. 5.

The Court's review of the complaint indicated that it failed to state a cause of action under 42 U.S.C. § 1983 because it challenges the propriety of ongoing proceedings in Pierce County Superior Court. Dkt. 7, p. 2. Pursuant to *Younger v. Harris*, 401 U.S. 37, 45- 46 (1971), the Court advised Plaintiff that he had not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding or in *State of Washington v. Pablo Carbo-Cisneros*, Cause No. 08-1-04586-4. Dkt. 7, p. 3. The Court also advised Plaintiff that he had not plead any violation of rights protected by the Constitution or federal statute and if he wished to proceed with a claim, he must provide a short and plain statement indicating how he

REPORT AND RECOMMENDATION - 2

has suffered a violation of rights protected by the Constitution or federal statute, and must name the individual defendants who caused or personally participated in causing him harm. *Id.* The Court gave Plaintiff a new deadline of May 8, 2009 to file an amended complaint.

On April 28, 2009, Mr. Carbo Cisneros filed his Amended Complaint. Dkt. 10.[2] Plaintiff alleges that he has a right to a speedy trial under the 6th Amendment, but that his state court trial has been continued five times between November 24, 2008 and May 6, 2009 by Pierce County Superior Court Judges Culpepper and Serko. Dkt. 10, p. 1. Plaintiff alleges that several Fife Police Officers ordered him to stop his car on I-5 and immediately began to search his car looking for drugs. *Id.*, p. 2. According to Plaintiff, the officers were acting without a warrant and on informant's information provided on September 5, 2008. *Id.* Plaintiff also alleges that the officers also conducted a warrantless search of his hotel room about an hour later and found nothing. *Id.*

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is

---

[2] On the same day that the Court issued the Order to Show Cause, Plaintiff filed a second motion for leave to proceed in forma pauperis and second proposed complaint (asserting identical claim that his state case has been postponed five times and seeking federal intervention). Dkt. 9. The second motion for informa pauperis has been denied as moot by separate Order.

REPORT AND RECOMMENDATION - 3

absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Carbo Cisneros' allegations fail to state a claim upon which relief can be granted.

This action challenges the propriety of ongoing proceedings in Pierce County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45- 46 (1971); *see also Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), *cert. denied*, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(*Younger* abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54.

Here, the Plaintiff has not plead any extraordinary circumstances warranting intervention by this Court in any ongoing state proceeding or in *State of Washington v. Pablo Carbo-Cisneros*, Cause No. 08-1-04586-4. He has also not plead any violation of rights protected by the Constitution or federal statute.

REPORT AND RECOMMENDATION - 5

Mr. Carbo Cisneros was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to show cause and properly plead such an action in this Court. He has failed to do either.

### III. CONCLUSION

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2009,** as noted in the caption.

DATED at Tacoma, Washington this  19th  day of May, 2009.

Karen L. Strombom
United States Magistrate Judge